IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-mc-00234-WJM-BNB

XY, LLC,

Plaintiff,

v.

TRANS OVA GENETICS, L.C.,

Defendant,

and

INTREXON CORP.,

Third-Party Movant.

_____

**ORDER**
_____

This matter arises on **Third-Party Intrexon's Motion to Quash Subpoena** [Doc. # 2] (the "Motion to Quash"). I held a hearing on the Motion to Quash this morning and made rulings on the record, which are incorporated here. The Motion to Quash is DENIED.

Intrexon's stubborn opposition to XY's subpoena and its refusal to disclose definitively its "ultimate parent," despite direct inquiry by XY's counsel and by me at today's hearing, is a violation of Local Rule 7(m) of the United States District Court for the District of Columbia and stands at the border of violating 28 U.S.C. § 1927 (unreasonably and vexatiously multiplying proceedings).

XY's subpoena calls for the production of the following

> All studies, surveys, analyses and reports that were prepared by or
> for any Intrexon officers, directors, or employees exercising
> similar functions, for the purpose of evaluating or analyzing

> Intrexon's pending acquisition of Trans Ova with respect to market shares, competition, competitors, markets, and potential for sales growth or expansion into product or geographic markets, as called for under the Hart-Scott-Rodino Antitrust Improvements Act (i.e., evaluation and analysis contained in HSR Act 4(c) Documents).

Subpoena [Doc. # 2-1] at p. 27. Intrexon admits that responsive documents exist:

> A submission under the HSR Act relating to the acquisition of TOG, and possibly including "HSR Act 4(c) Documents" of the Subpoena, was prepared by the ultimate parent of Intrexon. **At the ultimate parent's request, Intrexon supplied the ultimate parent with certain market information that Intrexon obtained from public sources and from TOG**. Upon information and belief, **the ultimate parent sought such information as part of its effort to gather information which might have been relevant to its HSR submission**.

Declaration of Donald P. Lehr [Doc. # 2-3] ("Lehr Decl.") at ¶7 (emphasis added).

Notwithstanding the existence of these obviously responsive documents, which Intrexon does not claim to be beyond its control, Intrexon refused to produce anything and filed the Motion to Quash, relying principally on the argument that the "HSR4(c) Documents were prepared and submitted by the ultimate parent of Intrexon, not by Intrexon, as required by the law. . . . *Intrexon did not prepare the requested documents and is not in possession or control of such documents*. Motion to Quash [Doc. # 2] at p. 1.

Intrexon also refused to identify its "ultimate parent," arguing that "Intrexon is not required to do so," "is not required to cooperate with XY in its effort to fish for third-party information," "is not required to expose its parent (or anyone else) to an invasive subpoena," and "is not required to facilitate XY's discovery. . . ." Reply [Doc. # 11] at p. 7. To the contrary, 28 U.S.C. § 1927 precludes Intrexon's counsel from unreasonably and vexatiously multiplying these proceedings, and Local Rule 7(m) of the United States District Court for the District of

Columbia requires Intrexon to discuss in good faith discovery disputes and to narrow areas of disagreement.

The discovery called for in XY's subpoena is obviously and directly relevant to Trans Ova's monopolization claims, including Trans Ova's assertion that sexed semen is a relevant market apart from conventional semen.

The Hart-Scott-Rodino Act does not here create an expectation of confidentiality or an immunity from discovery of the disputed material because the information commanded by XY's subpoena is relevant to a judicial proceeding. See 15 U.S.C. §18a(h).

Intrexon's claim of undue burden is not persuasive nor adequately supported by evidence. The materials called for are discrete. The only evidence of burden is Mr. Lehr's conclusory statement that compliance would require "considerable time, effort and expense. . . ," Lehr Decl. [Doc. # 2-3] at ¶12, which is insufficient.

I find that Intrexon and/or it counsel have engaged in abusive litigation tactics in connection with the failure to respond to XY's subpoena and surrounding conduct, which I will not tolerate. Future misconduct will result in the imposition of sanctions under 28 U.S.C. § 1927; Fed. R. Civ. P. 45(g); or other authority.

IT IS ORDERED:

(1) The Motion to Quash [Doc. # 2] is DENIED; and

(2) Intrexon shall produce documents responsive to XY's subpoena on or before December 10, 2014, and shall make a witness available to testify under Fed. R. Civ. P. 30(b)(6) within a reasonable time thereafter, as may be agreed among the parties and Intrexon.

Dated December 3, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge